Opinion for the court filed by Circuit Judge PROST.
Dissenting opinion filed by Circuit Judge NEWMAN.
PROST, Circuit Judge.
Petitioner Billye D. Downing petitions for review of the final decision of the Merit Systems Protection Board (“Board”), which affirmed the reconsideration decision of the Office of Personnel Management (“OPM”) denying her request for former spouse survivor annuity benefits under the Civil Service Retirement System (“CSRS”), 5 U.S.C. § 8331 et seq. Because her former husband, Randall Scott Downing, did not reelect former spouse survivor benefits for her within two years following them divorce and the divorce decree makes no mention of a survivor annuity, we affirm.
Background
The Downings were married on December 18,1965. On July 28, 2003, Ms. Downing filed for divorce, which did not become final until October 2006. When Mr. Downing retired from the United States Department of the Army on March 3, 2004, he elected to provide a survivor annuity for Ms. Downing, his then current spouse. The instructions for the Standard Form (SF) 2801 that Mr. Downing filled out and signed stated:
The reduction in your annuity to provide a survivor annuity for your current spouse stops if your marriage ends because of death, divorce or annulment. However, you may elect, within 2 years after the marriage ends, to continue the reduction to provide a former spouse survivor annuity for that person....
On July 22, 2004, Mr. and Ms. Downing signed a separation agreement, referred to as a Qualified Domestic Relations Order (“QDRO”). J.A. 25-32. Thereafter, a divorce decree in October 2006 dissolved the marriage and specifically provided that Ms. Downing would receive “[o]ne-half of the Thrift Savings Plan and [o]ne-half of the Civil Service Retirement benefits for his retirement from the United States Civil Service plus [one-half] of all accrued interest and increase awarded or earned by TSP through the date funds are transferred to [her].” It did not mention any survivor benefits for Ms. Downing after Mr. Downing’s death.
In addition to the SF 2801 form that he signed at the time of his retirement, in December 2006 and 2007, Mr. Downing received the annual notice OPM sent to all CSRS annuitants that explained he must make a new survivor annuity election within two years of divorce to provide survivor annuity benefits for a former spouse. J.A. 16-21. These notices contained the following provision:
Survivor Annuity Election for a Former Spouse
Eligibility and Time Limits — With some exceptions, retirees are eligible to elect or reelect a reduced annuity to provide a survivor annuity for a former *1376 spouse if they timely submit an election to OPM 1) within 2 years after the date the marriage ended by divorce or annulment or 2) within 2 years after the date another former spouse loses entitlement to a potential survivor annuity. Please note that a new survivor annuity election is required within 2 years after the divorce if you wish to provide a former spouse annuity, even if at retirement you elected to provide a survivor annuity for that spouse. The law provides for the continuation of a survivor reduction made at retirement after divorce if the annuitant reelects a survivor annuity for the former spouse within 2 years of the divorce. Continuing the survivor reduction, by itself, does not demonstrate an unmistakable intent to make a former spouse survivor election.
J.A. 19, 21. Mr. Downing did not file an election to provide Ms. Downing with a survivor annuity after their divorce.
After Mr. Downing died on March 13, 2008, Ms. Downing filed an application with OPM seeking survivor annuity benefits. OPM denied Ms. Downing’s original request as well as her request for reconsideration. Ms. Downing unsuccessfully appealed the reconsideration decision to the Board. The administrative judge concluded that Mr. Downing did not expressly provide survivor annuity or post-death benefits to Ms. Downing in the divorce decree, and even if Mr. Downing intended for Ms. Downing to receive survivor benefits, it is not binding on OPM. Further, he determined that OPM adequately notified Mr. Downing of the requirement that he must file a reelection, but he did not reelect to provide his former wife with survivor benefits within two years of their divorce. Ms. Downing did not appeal this initial decision and it became the final decision of the Board. Ms. Downing timely petitions for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).
Discussion
On appeal, Ms. Downing contends that although the divorce decree was “admittedly poorly written,” the QDRO clearly intends for her to receive former spouse survivor annuity benefits and she did not need to use “magic words” to obtain them. She also argues that Mr. Downing did not receive adequate notice because OPM failed to follow its own rules when it continued to withhold amounts from Mr. Downing’s annuity payments instead of terminating them upon divorce pursuant to 5 U.S.C. § 8339(j)(5)(A).[1] We address Ms. Downing’s arguments in turn. We note, however, that our scope of review is limited. We may only set aside the Board’s decision if it is “(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.” 5 U.S.C. § 7703(c).
Although Ms. Downing was entitled to survivor annuity benefits as a result of Mr. Downing’s election at retirement, that entitlement terminated when the Downings divorced in October 2006. See 5 U.S.C. § 8339(j)(5). The law provides that a former spouse of a federal employee is entitled to a survivor annuity if and to the extent a divorce decree or court order expressly provides for one, 5 U.S.C. *1377 § 8841(h)(1), or if the annuitant makes a new election to grant a survivor annuity within two years after the date on which the marriage dissolves. 5 U.S.C. §§ 8341(h)(1), 8339(j)(3).
First, Ms. Downing argues that she did not need to use “magic words” in her QDRO and divorce decree, and Mr. Downing clearly intended to award her former spouse survivor annuity benefits. Section 838.804 of Title 5, Code of Federal Regulations, provides that “[a] court order awarding a former spouse survivor annuity is not a court order acceptable for processing unless it expressly awards a former spouse survivor annuity or expressly directs an employee or retiree to elect to provide a former spouse survivor annuity ” in that it must identify the retirement system and state that the former spouse is entitled to former spouse annuity or direct the retiree to elect to provide a former spouse survivor annuity pursuant to § 838.912. (Emphasis added). Section 838.912 provides that “[t]he court order must contain language such as ‘survivor annuity,’ ‘death benefits,’ ‘former spouse survivor annuity under 5 U.S.C. § 8341(h)(1),’ etc.” 5 C.F.R. § 838.912. We set forth the framework for analyzing whether a court order without any magic words provides the survivor annuity benefit under § 8341(h)(1) in Fox v. Office of Personnel Management, 100 F.3d 141 (Fed.Cir.1996). The court must first determine whether the order contains a pertinent clause regarding a survivor annuity; second, if such a clause exists, the court “must inquire whether the operative terms in that clause can fairly be read as awarding the annuity”; and third, if it does, the court must “examine any evidence introduced concerning the marriage parties’ intent and the circumstances surrounding the execution of the document to interpret the clause.” Hayward v. Office of Pers. Mgmt., 578 F.3d 1337, 1345 (Fed.Cir.2009) (citations and quotations omitted); see Fox, 100 F.3d at 146. If there is only one possible meaning for the term, such that it is a CSRS survivor annuity, then it is “expressly provided for” in the court order under § 8341(h)(1). Neither the QDRO nor the divorce decree makes reference to or contains a pertinent clause regarding a survivor annuity for Ms. Downing. Because the court order does not expressly provide Ms. Downing with a former spouse survivor annuity, it is irrelevant that Mr. Downing may have intended otherwise.
Second, there is no dispute that Mr. Downing failed to file an election, providing Ms. Downing with a survivor annuity after their divorce. Ms. Downing argues that she is entitled to survivor annuity benefits because Mr. Downing, who had adult Attention Deficit Hyperactive Disorder, did not receive adequate notice of the requirement to reelect in light of OPM’s failure to terminate withholding amounts under 5 U.S.C. § 8339(j)(5)(A), and he intended for her to receive a survivor annuity.
A former spouse may receive survivor annuity benefits in the absence of a new election by the annuitant if (1) the annuitant did not receive the required annual notice of his election rights under 5 U.S.C. § 83390, see Act of July 10, 1978, § 3, Pub.L. No. 95-317, 92 Stat. 382, amended by Reorganization Plan No. 2 of 1978, § 102, 92 Stat. 3783 (codified as amended at 5 U.S.C. § 8339 note (2006) (“Annual Notice to Annuitant of Rights of Election Under Subsecs. 0 and (k)(2) of This Section”)), and (2) “there is evidence sufficient to show that the retiree indeed intended to provide a survivor annuity for the former spouse.” Hernandez v. Office of Pers. Mgmt., 450 F.3d 1332, 1334-35 (Fed.Cir.2006) (quoting Wood v. Office of Pers. Mgmt., 241 F.3d 1364, 1368 (Fed.Cir. 2001)). Under the facts of this case, the first prong is clearly not met. Mr. Down *1378 ing did receive adequate notice that he was required to reelect with OPM, within two years of the divorce, to provide survivor annuity benefits through the form, SF 2801. Cf. Simpson v. Office of Pers. Mgmt., 347 F.3d 1361, 1365 (Fed.Cir.2003) (holding that notice is insufficient if it does not make clear that a reelection after divorce is required to provide such an annuity for a former spouse). He filled out and signed this form at the time of his retirement. J.A. 33-34. He also received the annual notices sent to him by OPM in December 2006 and 2007 explaining that he was required to reelect within two years after the divorce to provide a former spouse annuity even though he elected to provide such a survivor annuity at retirement. J.A. 16-21.[2]
As the dissent points out, the circumstances of this case are unusual because Mr. Downing made an election for survivor annuity benefits at retirement, after Ms. Downing filed for divorce but more than two years before the divorce became final. In addition, OPM thereafter continued to make deductions from Mr. Downing’s annuity even though they should have automatically terminated under 5 U.S.C. § 8339(j)(5)(A). The clear statutory language, however, makes no exception to the requirement that a new election must be made within two years after the marriage dissolves where the employee received adequate notice. See 5 U.S.C. §§ 8341(h)(1), 8339(j)(3). Because Mr. Downing received the statutorily required notice and failed to file a new election after the date of their divorce, Ms. Downing is not entitled to a survivor annuity irrespective of Mr. Downing’s intent.[3] Accordingly, Ms. Downing fails to establish that she was entitled to survivor annuity benefits.
Because the Board’s decision to deny Ms. Downing’s request for former spouse survivor annuity benefits was not arbitrary, capricious, or an abuse of discretion, but rather is supported by substantial evidence, we affirm.
*1379 Costs
Each party shall bear its own costs.
AFFIRMED

. OPM states that it will refund any improperly withheld monies if the survivor annuity is not granted. The dissent states that Mr. Downing paid “the reduced annuity for four years with no notification that there was some sort of flaw in the survivorship election.” This is incorrect. OPM properly made deductions in accord with Mr. Downing's election upon retirement until the divorce was final. Therefore, OPM improperly withheld monies for less than two years.

. The dissent argues that the notice Mr. Downing received was insufficient because the informative statement appeared on page six of the instructions for SF2801. We do not, however, rely on this notice alone. As we have explained, Mr. Downing further received adequate notice through the annual forms sent to Mr. Downing in December 2006 and 2007, which were sent after his divorce was finalized and reminded him that he was required to make a reelection within two years. J.A. 19, 21 (“Please note that a new survivor annuity election is required within 2 years after the divorce if you wish to provide a former spouse annuity, even if at retirement you elected to provide a survivor annuity for that spouse. The law provides for the continuation of a survivor reduction made at retirement after divorce if the annuitant reelects a survivor annuity for the former spouse within 2 years of the divorce."). Indeed, these notices contained precisely the information that the dissent complains was not provided to him. In addition, to the extent that the dissent relies on the "Explanation of Benefits,” dated May 2, 2004, to argue that OPM should send individualized notices to annuitants explaining their personal rights and responsibilities, we see no basis for such a requirement.
The “Explanation of Benefits” was sent to Mr. Downing more than two years before his divorce was final and properly informed him that upon retirement, he elected to provide survivor benefits to his then current spouse.

. The dissent urges that this case presents a question left open by our precedent in Brush v. Office of Personnel Management, 982 F.2d 1554, 1558 n. 11 (Fed.Cir.1992), and Simpson, 347 F.3d at 1367. Those cases, however, arose in a context in which sufficient notice had not been provided to annuitants. In contrast, there was notice provided to Mr. Downing by way of the form he signed upon retirement while his divorce was pending and two annual notice forms that he received after his divorce was final. We need not reach the issue of intent where the annuitant did receive the required annual notice of his election rights under 5 U.S.C. § 8339(j). See 5 U.S.C. § 8339 note.