NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IRENE BRIGGS,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3023

---

Petition for review of the Merit Systems Protection Board in case no. PH0843110006-I-1

---

Decided: April 9, 2012

---

IRENE BRIGGS, of Lakeville, Massachusetts, pro se.

JEFFREY D. KLINGMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, on behalf of respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director.

---

Before DYK, O'MALLEY, and REYNA, *Circuit Judges*

PER CURIAM.

Irene Briggs ("Ms. Briggs") appeals from the final order of the United States Merit Systems Protection Board ("the Board"), which adopted the initial decision of the administrative judge ("AJ") that Ms. Briggs was not entitled to former spouse survivor annuity benefits under the Civil Service Retirement System ("CSRS"), 5 U.S.C. § 8331 et seq. *Briggs v. Office of Pers. Mgmt.*, No. PH-0843-11-0006-I-1 (M.S.P.B. Sept. 1, 2011) ("*Final Decision*"). For the reasons explained below, we *affirm*.

## BACKGROUND

Paul Briggs ("Mr. Briggs") was employed by the U.S. Postal Service from 1970 until he was granted disability retirement on October 30, 1997. Mr. and Ms. Briggs were married in 1976. When Mr. Briggs retired, he elected to receive a reduced annuity so that his wife, Ms. Briggs, could receive a maximum survivor annuity.

While Mr. and Ms. Briggs separated in 1992, their divorce did not become final until May 15, 2009. Their divorce decree does not stipulate that survivor annuity benefits should be distributed to Ms. Briggs upon Mr. Briggs' death. Indeed, the decree indicates that "the parties have no retirement/investment funds to distribute." Resp't's App. 31.

Less than a year after the divorce was finalized, Mr. Briggs passed away on March 23, 2010. After his death, Ms. Briggs requested survivor annuity benefits from the Office of Personnel Management ("OPM"). On May 27, 2010, OPM informed Ms. Briggs that she was not entitled to a former spouse survivor annuity because the divorce decree it had on file did not indicate that survivor benefits should be distributed to her. On reconsideration, OPM

affirmed its initial decision, "finding that Mr. Briggs' election of a survivor annuity prior to his retirement terminated upon dissolution of the marriage to the appellant, and he had not elected a former spouse annuity between the date of the divorce and his death" as required by relevant statutes. *Briggs v. Office of Pers. Mgmt.*, No. PH-0843-11-0006-I-1, slip op. at 2 (M.S.P.B. Jan. 7, 2011) ("*Initial Decision*").

Responding to OPM's decision, Ms. Briggs filed an appeal with the Board. In its initial decision, the AJ affirmed OPM's denial of survivor annuity benefits for Ms. Briggs. The AJ concluded that, because Mr. Briggs' initial survivor annuity election was terminated by the divorce, Ms. Briggs must establish either: "(1) that Mr. Briggs made a new election of a survivor annuity for her–his former spouse–within two years of their divorce . . . ; or, (2) that the terms of any divorce decree, or in any court order or court-approved property settlement agreement issued in connection with the divorce decree, expressly provided for a former spouse survivor annuity." *Id.*, slip op. at 3–4. Because Mr. Briggs never filed a former spouse survivor annuity election with OPM and the divorce decree did not include language that provided Ms. Briggs with a former spouse survivor annuity, the AJ found that she could still receive survivor benefit only if she established that: (1) Mr. Briggs did not receive the required annual notice of his election rights; and (2) he intended to provide Ms. Briggs with former spouse survivor annuity benefits. While there was ample evidence that Mr. Briggs intended for Ms. Briggs to receive a survivor annuity, the AJ concluded that, in the face of the evidence OPM presented that it had sent the required annual notice to Mr. Briggs, Ms. Briggs had not established that Mr. Briggs did not receive that notice. The AJ, therefore, determined that Ms. Briggs was not entitled to

survivor annuity benefits.

Ms. Briggs filed a petition for review of the AJ's initial decision. Upon consideration of her petition, the Board denied her request for review of the initial decision because Ms. Briggs had not established the existence of any grounds upon which it could grant a review. Accordingly, the initial decision became final.

Ms. Briggs timely appealed this decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I.

This court must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed. Cir. 1998). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Simpson v. Office of Pers. Mgmt.*, 347 F.3d 1361, 1364 (Fed. Cir. 2003) (internal quotation marks omitted).

### II.

At retirement, a federal employee can elect to receive a reduced annuity to provide survivor annuity benefits. Divorce, however, terminates a prior election of spousal survivor annuity benefits. 5 U.S.C. § 8339(j)(5)(A). A former spouse may still receive a survivor annuity, however, "if and to the extent a divorce decree or court order expressly provides for one, 5 U.S.C. § 8341(h)(1), or if the annuitant makes a new election to grant a survivor annuity within two years after the date on which the

marriage dissolves.   5 U.S.C. §§ 8341(h)(1), 8339(j)(3).”
*Downing v. Office of Pers. Mgmt.*, 619 F.3d 1374, 1376–77
(Fed. Cir. 2010).  In the absence of a new election, or a
divorce decree or court order granting a survivor annuity,
a former spouse may still receive survivor annuity bene-
fits if “(1) the annuitant did not receive the required
[annual] notice, and (2) ‘there [is] evidence sufficient to
show that the retiree indeed intended to provide a survi-
vor annuity for the former spouse.’ ” *Hernandez v. Office
of Pers. Mgmt.*, 450 F.3d 1332, 1335 (Fed. Cir. 2006)
(second alteration in original) (quoting *Vallee v. Office of
Pers. Mgmt.*, 58 F.3d 613, 616 (Fed. Cir. 1995)).

Here, Ms. Briggs concedes that her former husband
never made a new election and that the divorce decree
does not grant her survivor annuity benefits.  The issue
before the Board was, therefore, whether Ms. Briggs could
establish that her husband never received his annual
notice and that he intended to provide her with a survivor
annuity.

Regarding the annual notice requirement, the Gov-
ernment must “on an annual basis, inform each annuitant
of such annuitant’s rights of election under section[]
8339(j).”  Act of July 10, 1978, Pub. L. No. 95-317, § 3, 92
Stat. 382, 382, *reprinted in* 5 U.S.C. § 8339 note.  Such
notice is insufficient if it does not “stat[e] that a pre-
divorce election automatically terminates upon divorce
and that an annuitant must make a new election to
provide a survivor annuity for a former spouse.” *Simpson*,
347 F.3d at 1365.  “When a nonfrivolous allegation is
made that OPM has not sent the mandatory notice as
required by statute, the burden of going forward (or the
burden of production) falls to OPM.” *Brush v. Office of
Pers. Mgmt.*, 982 F.2d 1554, 1560–61 (Fed. Cir. 1992).  To
meet this burden, OPM must establish that: (1) notice

was actually sent;[1] and (2) the contents of the notice were sufficient to inform the annuitant of his election rights. *Id.* at 1561; *see also Schoemakers v. Office of Pers. Mgmt.*, 180 F.3d 1377, 1380 (Fed. Cir. 1999) ("[T]he burden is upon OPM to show that notice was sent, and the contents thereof." (citation omitted) (internal quotation marks omitted)).

Although OPM cannot meet this burden merely by submitting a letter stating that annual notice was sent to the annuitant, it can meet this burden by providing testimony or an affidavit of a person familiar with how annual notices are prepared and sent. U *Schoemakers*, 180 F.3d at 1380–81 (citing *Darsigny v. Office of Pers. Mgmt.*, 787 F.2d 1555, 1559 (Fed. Cir. 1986)). In *Schoemakers*, for example, we deemed sufficient to meet this burden an affidavit, from the manager of the printing and distribution of forms and notices for OPM, discussing how notices were prepared by the automated computer system, and averring that " '[g]eneral notices regarding survivor elections were sent to all annuitants' and that, as a result of the procedures OPM followed, 'a notice was sent to each and every annuitant on [OPM's] rolls at the time of each mailing.' " *Id.* at 1381 (alterations in original). To establish the contents of the notice, the Government may proffer a copy of the form notice that was sent to annuitants. *See id.* at 1380.

When OPM is able to establish "through credible evidence that it is more probable than not that the annual notice was sent," the burden shifts to the petitioner to establish that the annuitant never received notice. *Brush*, 982 F.2d at 1561; *see also Schoemakers*, 180 F.3d

---

[1] Once OPM establishes that the notices were sent to the annuitant, the notices are presumed to have been received. *Brush*, 982 F.2d at 1561.

at 1380. The petitioner "must put forth such credible testimony or other evidence tending to support the contention that the annuitant in question did not receive the annual notice." *Brush*, 982 F.2d at 1561. If the petitioner comes forward with such evidence, the Board must determine "whether it will credit the [petitioner's evidence], and whether that testimony overcomes the presumption that the notice was received." *Id.*

On appeal, Ms. Briggs argues that OPM did not prove that Mr. Briggs received annual notice.[2] Because the Government concedes that substantial evidence supports the Board's finding that Mr. Briggs intended to provide Ms. Briggs with survivor annuity benefits, the only issue on appeal is whether substantial evidence supports the Board's determination that OPM provided Mr. Briggs with annual notice of his election rights.

Before the Board, OPM submitted an affidavit stating, "that it sent general notices providing information regarding survivor elections to all annuitants on various dates, and . . . that such notice was sent in December 2009–while Mr. Briggs was still alive and after the divorce." *Initial Decision*, slip op. at 4. The affidavit explains, moreover, how the list of addresses to which OPM sent notices was created and how the computer system

---

[2] It is unclear whether Ms. Briggs also argues that, in the alternative, if her husband did in fact receive the December 2009 notice that, because Mr. Briggs' medical condition prevented him from being able to understand the notice, the two-year statutory period for requesting a survivor annuity should be waived. To the extent Ms. Briggs raises this argument, we must reject it. *See Schoemakers*, 180 F.3d at 1382 (holding that the two-year statutory period for requesting a survivor annuity for a new spouse who was married after the annuitant's retirement could not be waived because of the annuitant's mental condition).

created mailings from the "Mastery Annuity Roll." *Id.* Ms. Briggs testified that the address that OPM had on file for Mr. Briggs was his residence at the time in question. *See id.*, slip op. at 5. Finally, the Government attached a copy of the form notice sent to annuitants. Resp't's App. 23–25. This notice informed the annuitant that a divorce terminated a prior survivor election and that a new election needed to be made to within two years from the date of the divorce to enable a former spouse to receive survivor benefits. *Id.* at 24. We have previously held that the language in this form provides adequate notice that an annuitant must reelect within two years of divorce to provide survivor annuity benefits. *See Downing*, 619 F.3d at 1378 & n.2. This evidence is sufficient to establish that OPM sent adequate annual notice to Mr. Briggs. *See Schoemakers*, 180 F.3d at 1380–81. The burden, thus, shifted to Ms. Briggs to present evidence that Mr. Briggs never received the December 2009 notice.

To rebut the presumption that Mr. Briggs received the December 2009 notice, Ms. Briggs offers a letter from her son, Kevin Briggs, who took care of Mr. Briggs during the relevant time period. This letter is insufficient for three reasons. First, the letter is not a sworn affidavit. Second, it was never presented to the Board. The letter is not, therefore, record evidence. Lastly, even if we could consider the contents of the letter, it is still insufficient to establish that Mr. Briggs did not receive the December 2009 notice. In the two-sentence letter, Kevin Briggs states that "[Mr. Briggs] could not do much for himself I did his meals, his appointments, his prescriptions, his mail, his bills and anything else he needed me to do." Pet'r's Reply App. 16. He then states that "I want to confirm that [Mr. Briggs] did not receive a form from OPM regarding changes in his retirement annuity status, if he had he would have certainly made the change for my

Mother to remain as his surviving former spouse." *Id.*

This letter fails to establish that Mr. Briggs did not receive the December 2009 notice. First, as evidenced by the final sentence of the letter, Kevin Briggs does not state unequivocally that his father did not receive the notice. Second, to the extent that Kevin Briggs is attempting to make such an unequivocal statement, his certainty is based upon his belief that, if Mr. Briggs had received the December 2009 notice, he would have sent the required election to OPM. Such a conditional statement is insufficient to establish that Mr. Briggs did not receive the December 2009 notice. *See Schoemakers*, 180 F.3d at 1381 (rejecting a conditional affidavit that merely established that petitioner's wife did not receive the required annual notice and not that her husband, the annuitant, did not receive it).

Although this case presents us with a straightforward legal question, its disposition is a difficult one. We are sympathetic to Ms. Briggs' plight. The record makes clear that Mr. Briggs intended to provide his ex-wife with survivor annuity benefits and that, during their marriage, he reduced his own annuity benefits so as to make that happen. Unfortunately, Mr. Briggs failed to follow the procedures necessary to bring this outcome to fruition. Other than noting our sympathy for Ms. Briggs, there is nothing we can do to alter the outcome dictated by the system Congress put in place. Here, to establish her entitlement to benefits, Ms. Briggs was required to establish that, among other things, Mr. Briggs did not receive the required annual notice. Substantial evidence supports the Board's finding that OPM proved that Mr. Briggs received adequate annual notice in December 2009, however. Accordingly, Ms. Briggs is not entitled to receive survivor annuity benefits. We must affirm.

Costs

Each party shall bear its own costs.

**AFFIRMED**