**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LEE J. STILLWELL, SR.,
               Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency.

DOCKET NUMBER
AT-0843-15-0122-I-1

DATE: September 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sara McDonough</u>, Esquire, Washington, D.C., for the appellant.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding him ineligible to elect a survivor annuity for his current spouse under the Civil Service Retirement System (CSRS). Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision, insofar as the administrative judge failed to address the appellant's argument that OPM provided him with misleading information regarding his election rights. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

¶2 On July 21, 2002, the appellant completed an application for deferred retirement under CSRS, electing to receive a reduced annuity with a survivor annuity for his then-wife. Initial Appeal File (IAF), Tab 10 at 28-29. His retirement became effective in August 2002. *See id.* at 25, 27. His then-wife died on May 20, 2007. *Id.* at 21. He married his current wife on August 15, 2011. *Id.* at 22.

¶3 On February 4, 2014, the appellant mailed a request to OPM to elect a survivor annuity for his current wife. *Id.* at 20. OPM denied the request on June 17, 2014, finding that he failed to timely elect survivor annuity benefits for his new wife within 2 years of their marriage, as required by law. *Id.* at 16. The appellant requested reconsideration and, on September 26, 2014, OPM affirmed its initial decision. *Id.* at 6-7.

t on3

¶4   In its reconsideration decision, and again on October 29, 2014, OPM informed the appellant that it would adjust his annuity, retroactive to the first month following the death of his former wife. *Id.* at 7, 17. It subsequently issued him a refund for the period from June 1, 2007, through October 30, 2014, because he had been underpaid during the period when his annuity was erroneously being reduced to provide a survivor annuity for his deceased wife. *Id.* at 17-19.

¶5   The appellant filed an appeal with the Board regarding OPM's reconsideration decision. IAF, Tab 1. He argued that OPM did not adequately inform him of the requirements for electing a survivor annuity upon remarriage after retirement and that, in any event, his election was timely filed. IAF, Tabs 1, 24. He requested a hearing, but subsequently withdrew that request. IAF, Tab 1 at 2, Tab 18.

¶6   The administrative judge issued an initial decision based on the written record. IAF, Tab 25, Initial Decision (ID). He affirmed OPM's reconsideration decision, finding that OPM's annual notice sufficiently apprised the appellant of the requirements for electing a survivor annuity for his current wife. ID.

¶7   The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that: (1) his deceased wife remained entitled to the survivor annuity until October 2014 and, as such, his request was timely filed less than 2 years after her entitlement ended;[2] (2) OPM's notice of how to make a new survivor annuity election was inadequate; and (3) even if the Board finds that his election was untimely, the Board should waive the filing deadline. *Id.* OPM filed

---

[2] The administrative judge stated in the initial decision that the appellant did not argue that he timely elected the survivor annuity. ID at 2, 5. This is incorrect. In his initial appeal, the appellant asserted that he "is still within the statutory period for filing an election" and that "the two years after the date a former spouse loses entitlement has not yet begun in [his] case." IAF, Tab 1 at 8. We discern no harm in the administrative judge's misstatement because, as explained herein, we have considered this argument and find it to be without merit. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

a pro forma response in opposition, to which the appellant did not reply. PFR File, Tab 4.

The appellant failed to timely elect a survivor annuity for his current wife.

¶8    Upon remarriage, an annuitant who was married at the time of retirement and subsequently remarries may elect within 2 years following his remarriage to receive a reduced retirement annuity so as to provide for a survivor annuity for his current spouse. 5 U.S.C. § 8339(j)(5)(C)(i); *see Duzon v. Office of Personnel Management*, 101 M.S.P.R. 430, ¶ 7 (2006).

¶9    The appellant argues that his deceased wife remained entitled to the survivor annuity, regardless of the fact that his election terminated upon her death, until on or around October 29, 2014, when OPM notified him of his refund. PFR File, Tab 1 at 6-7. Therefore, he contends, his February 2014 election request was timely filed within 2 years of the end of his deceased wife's entitlement. *Id.* He bases this argument on the fact that in OPM's June 17, 2014 initial decision denying his request to elect a survivor annuity for his current wife, OPM stated that it "ha[d] not made the adjustment to remove [his deceased wife] from his annuity" and instructed him to advise OPM if he "would like to make that adjustment." *Id.*; *see* IAF, Tab 10 at 16.

¶10    This argument has no merit. The law is clear that the appellant's election of a survivor annuity terminated upon the death of his former wife and that, to provide a survivor annuity for his current wife, he was required to make the election within 2 years of his remarriage. 5 U.S.C. § 8339(j)(5)(A)(i); *see Williams v. Office of Personnel Management*, 105 M.S.P.R. 29, ¶ 6 (2007). OPM's apparently erroneous action of continuing the deductions from the appellant's annuity to fund a survivor annuity following the death of the appellant's previous wife, as documented in the June 17, 2014 letter, did not alter this requirement. *See Calkins v. Office of Personnel Management*, 116 M.S.P.R. 130, ¶ 9 (2011) (addressing the fact that the payment of a retirement benefit may not be made in direct contravention of CSRS).

Indeed, OPM later recognized and corrected its error, refunding the improperly deducted amount to the appellant. We therefore find that the appellant did not timely elect a survivor annuity for his current spouse because he failed to do so within 2 years of their marriage.

OPM properly notified the appellant of the specific requirements for electing a survivor annuity.

¶11        Under Public Law No. 95-317 (codified at 5 U.S.C. § 8339 note), OPM is required by statute to notify annuitants annually of their survivor annuity election rights under 5 U.S.C. § 8339(j) and (k)(2). *Cartsounis v. Office of Personnel Management*, 91 M.S.P.R. 502, ¶ 5 (2002). This statutory obligation is not satisfied simply by providing accurate annual notices. *Nixon v. Office of Personnel Management*, 452 F.3d 1361, 1365-67 (Fed. Cir. 2006). Rather, OPM is statutorily obligated to provide straight forward, full and accurate information regarding election rights in all of its communications to the employee or former employee, so that statutorily-required notice is not diluted or contradicted. *See id.*; *Wood v. Office of Personnel Management*, 241 F.3d 1364, 1367 (Fed. Cir. 2001).

¶12        If OPM fails to provide such notice, it cannot deny an annuity even if formal election has not been made during the applicable time period, so long as there is some evidence that the employee wished to elect a survivor annuity. *See Wood*, 241 F.3d at 1366. For instance, in *Wood*, the annuitant sent a letter to OPM, prior to his divorce, requesting information regarding how to continue his spouse's survivor annuity once the divorce was finalized. *Id.* at 1365. OPM informed him that he could voluntarily elect to provide survivor coverage for an ex-spouse and that he should notify OPM if his marriage were ever terminated, but did not provide any further information. *Id.* at 1365-66. Wood did not notify OPM of his divorce but, after he divorced and within the 2-year election period, he received a notice from OPM informing him of the requirement to elect a survivor annuity within 2 years of his divorce and that he would receive a reduced

annuity if he so elected. *Id.* at 1366. Wood never made an election after his divorce, but continued to receive a reduced annuity until his death. *Id.*

¶13 The U.S. Court of Appeals for the Federal Circuit found that, notwithstanding Wood's failure to make an election following his divorce, his ex-wife was entitled to a survivor annuity because OPM did not provide Wood with adequate notice of his election rights and Wood had manifested an intention to provide her with one. *Id.* at 1367-68. In particular, the court noted that OPM's failure to mention, in response to Wood's inquiry letter, that he was required to make an election after his divorce became final could have caused him to believe that his letter was sufficient to constitute an election, particularly given that he continued to receive a reduced annuity. *Id.* at 1367. Although the annual notice Wood received following his divorce, standing alone, was adequate, it was insufficient to put him on notice of the election requirements because it was "hardly a model of clarity, and did little to correct the earlier confusion" created by OPM's incomplete response to his inquiry letter. *Id.*

¶14 Here, the appellant asserted below, and reiterates on review, that he contacted OPM in or around April 2011 to inquire about electing a survivor annuity for his then-fiancée upon their marriage and an OPM representative informed him that she would not become eligible to be his survivor annuity beneficiary until 9 months after their marriage, *see* 5 U.S.C. § 8339(j)(5)(C)(ii), but made no mention of the requirement to file an election within 2 years of their marriage, IAF, Tab 2 at 4-6, Tab 24 at 3; PFR File, Tab 1 at 4-5. The administrative judge failed to address this argument below and we thus modify the initial decision in this regard. For the reasons set forth below, we discern no harm because to the extent that the appellant alleges that he did not receive adequate notice because the OPM representative misled him into believing that the sole restriction governing his election of a survivor annuity for his new wife was the 9-month waiting period, we disagree. *See Panter*, 22 M.S.P.R. at 282.

¶15     As an initial matter, we note that the appellant's assertions concerning his April 2011 communication with OPM are made through his attorney. He has not provided any sworn statement or affidavit to support this claim. Thus, there is no evidence that this communication occurred as alleged.[3] *See Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995) (finding that the statements of a party's representative in a pleading do not constitute evidence). Even if it did, we find that OPM's annual notices were sufficient to correct any confusion the appellant may have had.

¶16     In determining whether the content of OPM's annual notices to an annuitant adequately informed him of his election rights, we look to the notice sent immediately after the event that would result in his election or reelection decision. *Duzon*, 101 M.S.P.R. 430, ¶ 11. There is no dispute that the appellant received annual notices from OPM in or around December 2011 and December 2012, after he remarried and within the 2-year election period. IAF, Tab 1 at 7, Tab 24 at 4; *see* IAF, Tab 10 at 11, 13. Yet, he disputes that these notices were adequate to inform him of the requirements for electing a survivor annuity for his current spouse. PFR File, Tab 1. We disagree. OPM's notices informed him that: "Survivor elections terminate upon the death of the person elected . . . a survivor annuity election made at retirement . . . terminate[s] upon death . . . and the annuitant must make a new election (reelection) within 2 years after the terminating event to provide a survivor annuity for a spouse acquired after retirement. Continuing a survivor reduction, by itself, is not effective to reelect a

---

[3] The record contains what the appellant's attorney asserts are contemporaneous notes the appellant took during the April 2011 conversation; and a calendar entry the appellant made following his April 2011 communication with OPM, reflecting that he recorded the date his new wife would become eligible for a survivor annuity. IAF, Tab 2 at 4-5, 8, 11. However, the appellant did not provide a sworn statement or affidavit explaining what these documents are and, in any event, the handwritten notes are illegible. The appellant also submitted telephone records indicating that he called OPM in April 2011, but this does nothing to prove the content of that telephone conversation. *Id.* at 15-17.

survivor annuity for a spouse married after retirement." IAF, Tab 10 at 11, 13. The notices further stated that a "survivor election for a spouse you marry after retirement" "must" be submitted "in writing, before the expiration of the 2-year time limit." *Id.*

¶17 We find that these notices are abundantly clear and the appellant's arguments to the contrary, including his claim that he had "a reasonable and good faith belief that he had properly elected to provide survivor annuity benefits for his current spouse," PFR File, Tab 1 at 8, are unpersuasive. Further, unlike the situation in *Wood*, we cannot find that these notices lacked clarity and thus were insufficient to correct any confusion that may have resulted from the appellant's alleged April 2011 communication with OPM. If OPM somehow misled him into believing that there was no time limit for making an election, other than having to wait for 9 months after his marriage, this was corrected when he was twice notified that an election must be made within 2 years of the date of his marriage.

¶18 The appellant also argues that the administrative judge erred in citing to *Downing v. Office of Personnel Management*, 619 F.3d 1374 (Fed. Cir. 2010), in support of his finding that the appellant received adequate notice. PFR File, Tab 1 at 7-8. Specifically, he notes that *Downing* concerned language relating to making an election for a former spouse, whereas the issue in the instant case is the language relating to making an election for a current spouse upon post-retirement remarriage. *Id.* We discern no error. The administrative judge discussed in detail the factors he considered in finding the notices at issue in this appeal adequate. ID at 6-7. We agree with his analysis and we also find additional support for his analysis in the notices, as discussed above.

We deny the appellant's request for a waiver of the election deadline.

¶19 The appellant argues that, even if his election request were untimely filed, the "equitable principles of justice and good conscience" demand that the Board waive the filing deadline because: (1) the delay was minimal; (2) he had a lengthy Federal career; (3) he had a "reasonable and good faith belief that he had

properly elected to provide survivor annuity benefits for his current spouse;" and (4) denying his request would have a "devastating and permanent impact." PFR File, Tab 1 at 8.

¶20    It is well settled that equitable considerations do not provide a basis for awarding benefits not otherwise authorized by law. *Hunt v. Office of Personnel Management*, 89 M.S.P.R. 449, ¶ 9 (2001) (citing *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990)). We recognize that, in addition to OPM's failure to provide required statutory notice, a filing deadline prescribed by statute or regulation may be waived if: (1) the statute or regulation specifically provides for a waiver under the circumstances; or (2) an agency's affirmative misconduct precludes enforcement of the deadline under the doctrine of equitable estoppel, at least where such estoppel would not result in the expenditure of appropriated funds in contravention of a statute. *See Blaha v. Office of Personnel Management*, 106 M.S.P.R. 265, ¶ 8 (2007). However, neither of these exceptions is applicable here. As a result, we deny the appellant's request. Accordingly, we affirm the initial decision except as modified herein.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.