**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMIE L. QUATTRO,<br>        Appellant, | DOCKET NUMBER<br>NY-0831-20-0154-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DATE: July 17, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jamie L. Quattro, Ava, New York, pro se.

Tanisha Elliott Evans, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision issued by the Office of Personnel Management (OPM) that denied as untimely filed his application for a spousal survivor annuity for his second wife under the Civil Service Retirement System

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(CSRS). On petition for review, the appellant (1) expresses disappointment with the initial decision and (2) queries what "becomes of the reduced annuity from [his] retirement annuity" now that he has been denied the benefits sought. Petition for Review (PFR) File, Tab 1 at 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis to address the appellant's assertion regarding his reduced annuity rate, we AFFIRM the initial decision.

An individual seeking retirement benefits bears the burden of proving entitlement to those benefits by preponderant evidence. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). To meet his burden, the appellant must show that he irrevocably elected to provide a CSRS survivor annuity for his second wife in a signed writing that OPM received within 2 years of his remarriage. *See* 5 U.S.C. § 8339(j)(5)(C)(i); *Kirk v. Office of Personnel Management*, 93 M.S.P.R. 547, ¶ 4 (2003). OPM, however, has a statutory obligation to notify annuitants annually of their survivor annuity election rights under 5 U.S.C. § 8339(j). *Brush v. Office of Personnel Management*, 982 F.2d 1554, 1559-60 (Fed. Cir. 1992). OPM has

the burden of proving both that it sent the annual notice and the contents of the notice. *Id.* at 1560-61; *Cartsounis v. Office of Personnel Management*, 91 M.S.P.R. 502, ¶ 5 (2002). If OPM establishes through credible evidence that it is more probable than not that it sent the annual notice, the appellant then must present credible testimony or other evidence supporting the contention that he did not receive the same. *Cartsounis*, 91 M.S.P.R. 502, ¶ 5. When OPM does not show that it has complied with the statutory annual notice requirement, and the appellant's conduct is consistent with his having made an election of a survivor annuity, OPM must allow the appellant to make the survivor election. *Id.*

The appellant does not challenge, and we discern no basis to disturb, the administrative judge's conclusion that his June 8, 2019 postretirement election of survivor annuity benefits for his second wife was untimely by approximately 8 years. PFR File, Tab 1 at 1; Initial Appeal File (IAF), Tab 15, Initial Decision at 4; *see* 5 U.S.C. § 8339(j)(5)(C)(i). Instead, he queries what "becomes of the reduced annuity from [his] retirement annuity." PFR File, Tab 1 at 1. Although unclear, we surmise that he is arguing, as he did before the administrative judge, that the 2-year time limit set forth in 5 U.S.C. § 8339(j)(5)(C)(i) is inapplicable to him because he has, since his 1995 retirement, continuously received a reduced annuity rate on account of his election to provide a partial survivor annuity for his now-deceased first wife. IAF, Tab 6 at 53-54, 57, Tab 11 at 1. Because the administrative judge did not address this argument, we hereby supplement the initial decision; however, we find that a different outcome is not warranted.

Here, OPM provided an affidavit from an employee "familiar with the history of notices related to civil service annuity payments" explaining that general notices regarding survivor elections were sent annually to all annuitants from 1989 to 2011. IAF, Tab 6 at 7-8. Such notice satisfies OPM's burden of proving that it sent the required annual notice to the appellant. *See Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1380-81 (Fed. Cir. 1999) (concluding that a similar affidavit from a person familiar with how annual

notices are prepared and sent can satisfy OPM's burden to show that the annual notices were sent). OPM also provided a copy of the notice, which specifically explained that "a new survivor annuity election" would be required for a postretirement marriage, even if the appellant had previously elected to provide a survivor annuity for a former spouse at the time of his retirement and the annuity reductions related thereto had erroneously continued after the death of the prior spouse. IAF, Tab 6 at 10; *cf. Bogart v. Office of Personnel Management*, 99 M.S.P.R. 647, ¶ 10 (2005) (finding OPM's notice deficient when it failed to inform the appellant that his initial spousal survivor annuity election would terminate upon the death or divorce of his spouse, thereby requiring him to make a new election if he wished to continue the benefit for either his divorced spouse or a new spouse). The appellant did not challenge OPM's affidavit or otherwise contend that he did not receive the subject notice; instead, he averred that he had not read the notice, in part because he was unable to read the fine print without his eyeglasses. IAF, Tab 1 at 4, 8; *see Cartsounis*, 91 M.S.P.R. 502, ¶ 7 (finding the appellant's assertion that OPM's notice should have been "more obvious" did not support the conclusion that he had not received the same). Because the appellant here received proper notice of his election rights under 5 U.S.C. § 8339(j), his continued receipt of purportedly reduced annuity payments[2] does not warrant a different outcome. PFR File, Tab 1 at 1; *see Downing v. Office of Personnel Management*, 619 F.3d 1374, 1377-78 (Fed. Cir. 2010) (explaining that, because 5 U.S.C. § 8339(j) provides no exception to the 2-year time limit when OPM has provided the annuitant with proper annual notice, any erroneous deductions on part of OPM were not material to the appellant's entitlement to survivor benefits).

---

[2] To the extent the appellant believes that OPM has, since it received notice of the 2007 death of this first wife, miscalculated his annuity payments and overcharged him, he may initiate a new claim with OPM regarding that issue. PFR File, Tab 1 at 1; IAF, Tab 6 at 53. To the extent OPM fails to issue a final decision within 90 days, the appellant may file a new appeal with the Board. *See McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:              _Gina K. Grippando_
                            _____
                            Gina K. Grippando
                            Clerk of the Board

Washington, D.C.