Bert S. TAYLOR, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3097.

United States Court of Appeals, Federal Circuit.

July 13, 2001.

the Merit Systems Protection Board, DC–0831–00–0729–I–1. The Board affirmed the decision of the Office of Personnel Management (OPM) denying Mr. Taylor's request to elect a survivor annuity for his spouse. Because the Board's decision is in accordance with law and supported by substantial evidence, this court *affirms.*

## I.

Mr. Taylor retired from federal service in 1982. At that time, he was married to Norma Rae Taylor, and he elected a retirement annuity with a survivor benefit for her. Norma Rae Taylor died in 1993. In February 1995, Mr. Taylor married Joyce Juanita Taylor. Mr. Taylor changed his enrollment in the Federal Employee Health Benefits program to include his wife Joyce Juanita Taylor soon after their marriage.

Five years later, in February 2000, Mr. Taylor wrote a letter to OPM requesting that OPM provide Joyce Juanita Taylor with a survivor annuity benefit. Mr. Taylor stated in the letter that he had not previously known he had to request the survivor annuity within two years of his remarriage. OPM denied Mr. Taylor's request because he did not file it within two years of his remarriage. Mr. Taylor requested that OPM reconsider its decision because he did not know of the time limit. OPM issued a reconsideration decision affirming its earlier decision that had denied Mr. Taylor's request.

Mr. Taylor appealed OPM's decision to the Board. The Board found that in 1995 and 1996 Mr. Taylor had received notices of the two-year time limit from OPM. The Board also found that Mr. Taylor did not display an unmistakable intent to request a survivor annuity for his wife when he included her in his health insurance enrollment. Accordingly, the Board affirmed

Before LOURIE, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

Bert S. Taylor petitions this court for review of the October 12, 2000 decision of

OPM's decision because Mr. Taylor did not file a timely request for a survivor annuity as required by 5 U.S.C. § 8339(j)(5)(C)(i) (1994). Mr. Taylor petitions this court for review of the Board's decision. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (1994).

## II.

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

Section 8339(j)(5)(C)(i) states:

Upon remarriage, a retired employee or Member who was married at the time of retirement ... may irrevocably elect during such marriage, in a signed writing *received by the office within 2 years after such remarriage* ... a reduction in the employee or Member's annuity ... for the purpose of providing an annuity for such employee or Member's spouse in the event such spouse survives the employee or member.

(Emphasis added.) Mr. Taylor's February 2000 request to OPM was not within two years of his remarriage. However, he asserts that he did not know about the two-year time limit in § 8339(j)(5)(C)(i).

■ This court has noted an implied exception to the two-year time limit where OPM fails to show that it notified the annuitant of the annuitant's election rights on an annual basis as required by Act of July 10, 1978, § 3, Pub.L. No. 95–317, 92 Stat. 382, *amended by* Reorganization Plan No. 2 of 1978, § 102, 92 Stat. 3783 (codified as amended at 5 U.S.C. § 8339 note (1994) ("Annual Notice to Annuitant of Rights of Election Under Subsecs. (j) and (k)(2) of

This Section")). *Shoemakers v. Office of Pers. Mgmt.*, 180 F.3d 1377, 1380 (Fed.Cir. 1999). OPM submitted evidence that it had sent notices of the time limit to all annuitants in December 1995 and 1996, and that Mr. Taylor's address remained constant during that time. Mr. Taylor generally alleged that he was not aware of the time limit, but he did not submit evidence that he did not receive the notices. The evidence submitted by OPM was sufficient to support a reasonable inference by the Board that Mr. Taylor received the notices. *See id.* at 1381. Mr. Taylor's general allegation that he was not aware of the time limit is insufficient to rebut OPM's evidence because it does not establish that he did not receive the notices. *See id.* Accordingly, substantial evidence in the record supports the Board's conclusion that Mr. Taylor did not fall within the implied exception to the two-year time limit.

■ Mr. Taylor also argues that OPM should have made his wife the beneficiary of a survivor annuity because he sent OPM a copy of his marriage certificate and had her placed on his insurance before the time limit expired. An election of a survivor annuity need not be in any particular form, but it must show an "unmistakable intent" to make such an election. *Harris v. Office of Pers. Mgmt.*, 985 F.2d 549, 550 (Fed.Cir.1993). The Board found that Mr. Taylor's request to have his wife placed on his health insurance did not manifest an "unmistakable intent" to also elect a survivor annuity benefit for her. Substantial evidence in the record supports this finding. Because Mr. Taylor did not show that he requested the survivor annuity before expiration of the two-year time limit, the Board correctly applied § 8339(j)(5)(C)(i) by affirming OPM's deni-

al of Mr. Taylor's February 2000 request as untimely.