890

**Gertrude CZVIK, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 01–3193.

United States Court of Appeals,
Federal Circuit.

Oct. 10, 2001.

Before LOURIE, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

Gertrude Czvik appeals from the final decision of the Merit Systems Protection Board affirming the decision of the Office of Personnel Management ("OPM") to deny her application for survivor annuity benefits. *Czvik v. OPM,* No. SF–0831–00–0628–I–1, 88 M.S.P.R. 303 (M.S.P.B. Feb.28, 2001) (final order). Because petitioner has not shown that the Board erred, we *affirm.*

## DISCUSSION

James E. Czvik, the late husband of petitioner, retired under the Civil Service Retirement System on July 13, 1973. *Czvik v. OPM*, No. SF–0831–00–0628–I–1, slip op. at 2 (M.S.P.B. Dec.29, 2000) (initial decision). At the time of his retirement, Mr. Czvik was married to his first wife, Helen Czvik, but elected to receive an annuity without providing a survivor benefit. *Id.* Subsequently, Helen Czvik died, and Mr. Czvik married petitioner on September 23, 1978. *Id.*

On November 17, 1978, Mr. Czvik stated in a hand-written letter to the U.S. Civil Service Commission, OPM's predecessor, that "I have remarried and would like to change my beneficiary for death benefits on my life insurance to Gertrude G. Czvik.... Please send an insurance policy as I do not have any in my files and any forms required." *Id.* OPM then sent Mr. Czvik a certificate explaining the status of his insurance, and included designation forms for adding beneficiaries to his policy. *Id.* The record does not show that Mr. Czvik returned any of these forms, or any other forms designating a beneficiary of survivor benefits. *Id.* The record does show, however, that Mr. Czvik filed a designation of beneficiary form with OPM, dated January 1, 1991, designating petitioner as his beneficiary for any lump-sum benefits payable after his death. *Id.* Mr. Czvik also left petitioner his pension resulting from his years of employment in the private sector with C & H Sugar. On February 19, 2000, Mr. Czvik died, and petitioner applied to OPM for death benefits. *Id.* Although OPM paid petitioner the lump-sum benefits to which she was entitled, it denied her application for a survivor annuity because Mr. Czvik never elected to provide survivor benefits for her prior to his death. *Id.* at 2–3.

Petitioner initiated the present appeal to the Board alleging that Mr. Czvik in fact made a valid survivor annuity election. *Id.* The Administrative Judge ("AJ") assigned to the case affirmed OPM's decision, reasoning that Mr. Czvik's inquiry concerning death benefits from life insurance did not evince a clear intent to elect survivor annuity benefits. *Id.* at 5. The full Board denied her petition for review, thus rendering the initial decision final. 5 C.F.R. § 1201.113(b) (2001). Petitioner timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995). Petitioner has the burden of demonstrating by a preponderance of the evidence that she is entitled to a survivor annuity. 5 C.F.R. § 1201.56(a)(2) (2001); *Cheeseman v. OPM*, 791 F.2d 138, 140–41 (Fed.Cir.1986).

On appeal, petitioner argues that her late husband's November 17, 1978, letter to OPM and his C & H Sugar pension demonstrate his intent to elect survivor annuity benefits. Petitioner also argues that the "second chance" to elect to provide survivor benefits under the Civil Service Retirement Spouse Equity Act of 1984 ("the Spouse Equity Act"), Pub L. No. 98–615, 99 Stat. 3195, "really was not a chance" to make such an election.

A retired employee, who was married at the time of retirement and remarries after retirement, may irrevocably elect, "in a signed writing received by [OPM] within 2 years after such remarriage," a reduction

in his or her annuity for the purpose of providing a survivor annuity for his or her new spouse. 5 U.S.C. § 8339(j)(5)(C)(i) (2000). In addition, under the provisions of the Spouse Equity Act, retired employees were offered a "second chance" to make a survivor annuity election from November 8, 1984, until November 8, 1985. Spouse Equity Act § 4(c). An annuitant is not required to use any particular form to make a survivor annuity election, but the signed writing must "manifest[ ] an unmistakable intent to elect" survivor annuity benefits for his or her spouse. *Vincent v. OPM,* 78 M.S.P.R. 307, 310 (1998) (citing *Harris v. OPM,* 985 F.2d 549, 550 (Fed. Cir.1993)).

[1] We agree with the Board that OPM properly determined that petitioner is not entitled to a survivor annuity. Mr. Czvik's letter requested that OPM "change my beneficiary for death benefits *on my life insurance,"* (emphasis added), and then asked for an insurance policy and any forms required to effectuate that change. Nothing in that letter, or in any subsequent communication with OPM, indicated an unmistakable intent to elect to provide survivor annuity benefits. All of Mr. Czvik's communications with OPM concerned either designating petitioner as his beneficiary for any lump-sum benefits, which petitioner has received, or inquiring about the status of his life insurance policy.

■ Moreover, evidence that petitioner is the beneficiary of Mr. Czvik's C & H Sugar pension cannot constitute a proper survivor annuity election because any designation for such a private pension does not fulfill the "signed writing" requirement of § 8339(j)(5)(C)(i). We therefore conclude that the Board's determination that Mr. Czvik did not make a survivor annuity election was supported by substantial evidence and was not arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law.

■ Finally, petitioner fails to elucidate the basis for her claim that the "second chance" to make a survivor annuity election provided by the Spouse Equity Act "really was not a chance" to make such an election. In any event, the record does not show that Mr. Czvik filed any form of signed writing with OPM during that "second chance" period, and petitioner therefore cannot establish that her husband made a survivor annuity election based on any theory involving the Spouse Equity Act.

Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.