Opinion for the court filed by Circuit Judge PROST. Dissenting opinion filed by Circuit Judge NEWMAN.
PROST, Circuit Judge.
Ms. Alice Dorsey appeals the October 8, 2008 decision of the Merit Systems Protection Board (“Board”) affirming the Office of Personnel Management’s (“OPM’s”) denial of her request for a survivor annuity benefit based on the federal service of her late spouse, Mr. James C. Blood. Because the Board’s determination that Mr. Blood failed to elect a survivor annuity benefit during the two-year window provided for by statute is supported by substantial evidence, we affirm.
I. BACKGROUND
Mr. Blood retired from federal service on June 30, 1991. At that time, he was not married and did not elect either a survivor annuity benefit or life insurance coverage under the Federal Employees’ Group Life Insurance (“FEGLI”) Program. On October 25, 2002, Mr. Blood married Ms. Alice Dorsey. About a year later, Mr. Blood received from OPM Standard Forms 2808 and 2823, both of which he filled out and returned. These forms designated Ms. Dorsey as Mr. Blood’s beneficiary under both the Civil Service Retirement System and FEGLI.
Mr. Blood passed away on February 2, 2008, and in March of that year Ms. Dorsey filed a request with OPM for a surviv- or annuity benefit. OPM denied the request, however, because Mr. Blood did not elect to provide a survivor annuity benefit for Ms. Dorsey within two years of their marriage. On appeal, the Board concluded that the record supported the agency’s conclusions that OPM satisfied its obligation to notify Mr. Blood of his right to elect a survivor annuity and that Mr. Blood did not make an election. Accordingly, it affirmed the agency’s decision. Ms. Dorsey filed a timely appeal in this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).
II. DISCUSSION
Our review of a decision of the Board is strictly limited by statute. Under 5 U.S.C. § 7703(c), we must affirm the Board’s decision in this case unless it is “(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.” The Board’s decision is supported by substantial evidence “if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Brewer v. U.S. Postal Serv., 227 Ct.Cl. 276, 647 F.2d 1093, 1096 (1981) (quotation marks omitted).
*1114 A federal employee who is unmarried at the time he retires but later marries has the right to irrevocably elect to provide a survivor annuity for his spouse. 5 U.S.C. § 8339(k)(2)(A). In order to exercise this right, the employee must submit to OPM a signed writing showing his intent to provide a survivor annuity within two years of the date of marriage. Id. No particular form is required; any signed writing that manifests the annuitant’s intent to make an election will suffice. Harris v. Office of Pers. Mgmt., 985 F.2d 549, 550 (Fed.Cir.1993).
Ms. Dorsey raises several arguments on appeal. First, she argues that the evidence clearly shows that Mr. Blood intended to provide a survivor annuity for her, even though he did not file an election. According to Ms. Dorsey, Mr. Blood’s submission of Standard Forms 2808 and 2823, combined with his desire to take care of his family, demonstrates that he intended for Ms. Dorsey to receive a survivor annuity.
We conclude that substantial evidence supports the Board’s determination that Mr. Blood did not elect to provide a surviv- or annuity for Ms. Dorsey, as required by statute. The forms submitted by Mr. Blood relate to other benefits and do not elect a survivor annuity benefit. Standard Form 2808 provides for the designation of a beneficiary to receive a lump-sum benefit under the Civil Service Retirement System, and specifically states that “[t]his Designation of Beneficiary form is used to designate who is to receive a lump-sum payment which may become payable after your death. It does not affect the right of any person who is eligible for survivor annuity benefits. Do not confuse this form with designation forms used for other types of benefits.... ” Standard Form 2823 provides for the designation of a beneficiary under the Federal Employees’ Group Life Insurance program. The form repeatedly refers to “the Insured” and asks the person filling out the form whether he is the “Insured” or an “Assignee.” Thus, even if Mr. Blood erroneously believed that the forms he submitted would provide a survivor annuity for Ms. Dorsey, the forms themselves do not demonstrate an intent to elect survivor annuity benefits.
We also note that Mr. Blood received general notice regarding his right to elect a survivor annuity as part of his Notices of Annuity Adjustment in 2002 and 2003. Those notices explained that to elect a survivor annuity benefit for the first time, the annuitant would need to make a deposit, the amount of which OPM would calculate following election. Failure to pay the deposit would result in cancellation of the election. The notices also informed Mr. Blood that upon electing a survivor annuity benefit, his own annuity would necessarily be reduced. Ms. Dorsey provided no evidence that OPM calculated a deposit amount, that Mr. Blood received a notice regarding his required deposit, or that Mr. Blood paid a deposit. Ms. Dorsey also does not claim that Mr. Blood’s annuity was decreased in the five years following Mr. Blood’s purported election. This provides further support for the Board’s conclusion that Ms. Dorsey failed to prove that Mr. Blood intended to elect a survivor annuity.
We cannot hold otherwise. To do so, we would have to infer that a loving husband necessarily intends to procure every benefit available to him for his next of kin, even in the absence of evidence to that effect.[1] Given that Ms. Dorsey carries the burden *1115 of proving that she is entitled to a survivor annuity benefit, we cannot draw that inference. Barnes v. Office of Pers. Mgmt., 980 F.2d 708, 713 (Fed.Cir.1992). Further, we cannot lose sight of the fact that we have limited review in this case. The Board weighed the evidence and determined that “[n]othing in this record shows that Mr. Blood elected a survivor annuity for [Ms. Dorsey] within the time allowed.” Because that conclusion is supported by substantial evidence, we must affirm.
Second, Ms. Dorsey argues that Mr. Blood was suffering from Alzheimer’s disease for the last ten years of his life and was unaware that the forms he received from and returned to OPM would not provide a survivor annuity for her. The two-year window during which a recently married retiree may elect for a survivor annuity, however, is provided for by statute and applies even in cases of mental deficiency. Schoemakers v. Office of Pers. Mgmt., 180 F.3d 1377, 1382 (Fed.Cir.1999). This court simply does not have the authority to ignore a statutory requirement.
Finally, Ms. Dorsey argues that Mr. Blood never received a personal notice from OPM informing him that he only had two years after the date of them marriage during which he could elect to provide a survivor annuity for her and that the forms he had submitted did not make the election. To prove that it provided adequate notice, OPM must establish both “that the notice was actually sent .... [and] the contents of the annual notice.” Brush v. Office of Pers. Mgmt., 982 F.2d 1554, 1561 (Fed.Cir.1992). Although OPM has an obligation to provide annual notice to annuitants informing them that they have the right to elect a survivor annuity, OPM may satisfy that obligation by sending a general notice announcement rather than providing each annuitant with a personalized notice letter. Hairston v. Office of Pers. Mgmt., 318 F.3d 1127, 1130 (Fed.Cir.2003). In this case, OPM provided a declaration by Cyrus S. Benson in which he stated that he sent out annual notices to all annuitants, including Mr. Blood, in December 2002 and 2003. The Board reviewed the notices and found that OPM properly notified Mr. Blood of his right to elect a survivor annuity. As discussed above, for instance, the notices provided Mr. Blood information regarding how to make an election, the time-frame within which he needed to do so, and the consequences of choosing a survivor annuity benefit. Thus, we agree that the notices were adequate. Finally, as to Ms. Dorsey’s claim that OPM had an obligation to inform Mr. Blood that he failed to make an election, we cannot agree. The Board concluded that
the preponderance of evidence shows that the notices were properly mailed, and that Mr. Blood and/or [Ms. Dorsey] received those notices .... that the notices contained an adequate explanation of Mr. Blood’s right to elect a survivor annuity .... [and that n]othing in this record shows that Mr. Blood elected a survivor annuity for [Ms. Dorsey] within the time allowed.
Because we credit the Board’s determination, we cannot conclude that OPM should have known of and acted upon Mr. Blood’s alleged intent to elect a survivor annuity.
In sum, the Board’s conclusion that Mr. Blood did not elect a survivor annuity benefit for Ms. Dorsey is supported by substantial evidence. As a result, we must affirm the Board’s decision.
COSTS
Each party shall bear its own costs.

AFFIRMED.

. There is no reason to limit this inference to the survivor annuity at issue here; the same arguments Ms. Dorsey makes regarding those benefits apply equally well to any other benefit that Mr. Blood did not properly elect.