NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NATALIYA RAKOWSKY,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2017-1742

---

Petition for review of the Merit Systems Protection Board in No. DE-0831-14-0388-I-1.

---

Decided: August 11, 2017

---

NATALIYA RAKOWSKY, Marana, AZ, pro se.

KRISTIN MCGRORY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

---

Before PROST, *Chief Judge,* CLEVENGER and STOLL, *Circuit Judges.*

PER CURIAM.

This is an appeal from a decision of the Merit Systems Protection Board ("Board") affirming a decision of the Office of Personnel Management ("OPM") that the Appellant Nataliya Rakowsky was not entitled to a survivor's annuity. We affirm.

I

On December 29, 1986, Ihor Rakowsky retired from the federal service and from the position of Supervisory Special Agent, Drug Enforcement Administration, Department of Justice. Upon retirement, he elected a maximum survivor annuity (55%) to be payable to his then-wife Sophie Kandiuk upon his death. To effectuate his annuity election, Mr. Rakowsky executed the "Alternative Annuity Election" form, which provided that he elected "to receive the reduced alternative annuity." J.A. 24. Following his submission of the form to OPM, Mr. Rakowsky's monthly annuity payments were reduced to account for the survivor benefit election.

Ten years after his retirement, Mr. Rakowsky advised OPM that his wife had died, and, as a result, he requested that OPM "kindly make the necessary changes in [his] records and advise." J.A. 25. In response, OPM sent Mr. Rakowsky a letter advising him that his annuity was adjusted to full life rate due to the change in his marital status.

Mr. Rakowsky married the Appellant in 1997. About a year later, Mr. Rakowsky executed a Standard Form (SF) 2808, "Designation of Beneficiary," designating the Appellant as the beneficiary to "receive any lump-sum benefit which may become payable under the Civil Service Retirement law after my death." J.A. 56. This form also states, "I understand that this designation of beneficiary will not affect the rights of any survivors who may qualify for annuity benefits after my death." *Id.* Mr. Rakowsky

also executed a SF-2823 "Designation of Beneficiary" form for the Federal Employees' Group Life Insurance Program, designating the appellant as his beneficiary. Mr. Rakowsky continued to receive annuity payments at the full life rate.

In December 1997 and December 1998, OPM sent notices to Mr. Rakowsky informing him that, if he married subsequent to his retirement, he had two years from the date of his marriage to elect a survivor annuity for his new spouse.

In 2010, OPM informed Mr. Rakowsky that a valid marriage certificate was missing from his personnel file and requested he provide a copy to be included in the file. Following this notification, Mr. Rakowsky made the required submission and requested that OPM send him three copies of his file. Mr. Rakowsky, however, did not reference a survivor benefit annuity, and he did not state that he desired a reduction in his monthly annuity rate.

Mr. Rakowsky died in 2013. Following his death, Ms. Rakowsky filed a claim for a survivor annuity benefit. OPM denied the request because Mr. Rakowsky had not elected a survivor annuity benefit within the statutorily prescribed two-year period after his marriage. Ms. Rakowsky requested reconsideration of the decision and OPM again denied her request, finding that Mr. Rakowsky failed to make a timely election to provide her an annuity.

Ms. Rakowsky filed an initial appeal with the Board challenging OPM's denial of her application for a survivor annuity. Following a telephonic conference, the administrative judge affirmed OPM's decision. The full Board denied her petition for review, thus rendering the initial decision final. 5 C.F.R. § 1201.113(b). Ms. Rakowsky timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

Our review of a decision of the Board is strictly limited by statute. 5 U.S.C. § 7703(c). We must affirm a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.* "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Simpson v. Office of Pers. Mgmt.*, 347 F.3d 1361, 1364 (Fed. Cir. 2003) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Ms. Rakowsky has the burden of demonstrating by a preponderance of the evidence that she is entitled to a survivor annuity. *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986).

The election of a survivor annuity in cases where a retired employee remarries after retirement is governed by 5 U.S.C. § 8339(j)(5)(C)(i), which states, in relevant part, that:

> Upon remarriage, a retired employee or Member who was married at the time of retirement . . . may irrevocably elect during such marriage, in a signed writing received by [OPM] within 2 years after such remarriage . . . , a reduction in the employee or Member's annuity under paragraph (4) of this subsection for the purpose of providing an annuity for such employee or Member's spouse in the event such spouse survives the employee or Member.

The statutory provision does not require an election of a survivor annuity in any particular form, but it must show an "unmistakable intent" to make such an election. *Harris v. Office of Pers. Mgmt.*, 985 F.2d 549, 550 (Fed. Cir. 1993). Any signed writing that manifests the annuitant's intent to make an election will suffice. *Dorsey v.*

*Office of Pers. Mgmt.*, 587 F.3d 1111, 1114 (Fed. Cir. 2009).

Ms. Rakowsky argues that the evidence clearly shows that her husband intended to provide a survivor annuity for her, even though he did not file an election. According to her, Mr. Rakowsky's submission of Standard Forms 2808 and 2823 in 1998 and the marriage certificate in 2010, combined with his desire to take care of his family, demonstrates that he intended for Ms. Rakowsky to receive a survivor annuity.

We conclude that substantial evidence supports the Board's determination that Mr. Rakowsky did not elect a survivor annuity in a signed writing, as required by statute. The forms Mr. Rakowsky submitted relate to other benefits and do not elect a survivor annuity benefit. *See Dorsey*, 587 F.3d at 1114 (holding that submission of the Standard Forms 2808 and 2823 did not demonstrate an intent to elect survivor annuity benefits). Accordingly, the forms themselves do not demonstrate an intent to elect survivor annuity benefits. *See id.*

Ms. Rakowsky also argues that her husband—by sending in his marriage certificate, allegedly in 1997 and again in 2010, and notifying OPM of his change in marital status—sufficiently manifested his intent to elect a survivor annuity. Her evidence in support of this argument was not all before the administrative judge. Nor did the Board consider this evidence "because [it did] not constitute new evidence." J.A. 10. Even if the Board had considered it, however, substantial evidence would still support the Board's determination that Mr. Rakowsky did not elect to provide a survivor annuity for Ms. Rakowsky. This court has encountered this situation before and has held that a retired employee sending OPM a copy of his marriage certificate and placing his wife on his insurance before the time limit expired did not show an "unmistakable intent" to make a survivor annuity election. *Taylor*

*v. Office of Pers. Mgmt.*, 15 F. App'x 864, 866 (Fed. Cir. 2001). Even where, in addition to filing a Designation of Beneficiary form with OPM, the retired employee also sent a letter stating, "I have remarried and would like to change my beneficiary for death benefits on my life insurance to [my new wife]," this court held that such actions did not evince a clear intent to elect survivor annuity benefits. *Czvik v. Office of Pers. Mgmt.*, 20 F. App'x 890, 891 (Fed. Cir. 2001). Because the conclusion that Mr. Rakowsky failed to make a legally sufficient election of such a benefit for Ms. Rakowsky is supported by substantial evidence, we must affirm. *See Dorsey*, 587 F.3d at 1115.

Finally, the law also provides that a former spouse may receive survivor annuity benefits even without an affirmative election by the annuitant if the annuitant intended to provide the annuity but did not receive the required notice. *Hernandez v. Office of Pers. Mgmt.*, 450 F.3d 1332, 1334–35 (Fed. Cir. 2006). To prove that it provided adequate notice, OPM must establish both "that the notice was actually sent . . . [and] the contents of the annual notice." *Brush v. Office of Pers. Mgmt.*, 982 F.2d 1554, 1561 (Fed. Cir. 1992). If OPM can establish through credible evidence that it is more probable than not that the annual notice was sent, the burden of going forward falls upon the petitioner. *Schoemakers v. Office of Pers. Mgmt.*, 180 F.3d 1377, 1380 (Fed. Cir. 1999).

Ms. Rakowsky maintains on appeal that Mr. Rakowsky never received a personal notice from OPM. The Board reviewed OPM's evidence and found that OPM properly notified Mr. Rakowsky of his right to elect a survivor annuity. OPM provided a declaration by Donna G. Lease in which she stated that she sent out annual notices to all annuitants, including Mr. Rakowsky, in December 1997 and December 1998. A declaration of a person familiar with how annual notices are prepared and sent can satisfy OPM's burden to show that the annuitant

received the annual notice. *Schoemakers*, 180 F.3d at 1380–81. Further, OPM may satisfy its obligation by sending a general notice announcement rather than providing each annuitant with a personalized notice letter. *Hairston v. Office of Pers. Mgmt.*, 318 F.3d 1127, 1130 (Fed. Cir. 2003). The notices provided Mr. Rakowsky information regarding how to make an election, the time-frame within which he needed to do so, and the consequences of choosing a survivor annuity benefit. Thus, we agree that the notices were adequate.

OPM having established that the notices were sent, the burden shifts to Ms. Rakowsky to establish that her husband did not receive the annual notice. *Schoemakers*, 180 F.3d at 1381. The Board must then decide whether it will credit the applicant's testimony and whether that testimony overcomes the presumption that the notice was received. *Brush*, 982 F.2d at 1561. To rebut OPM's evidence, Ms. Rakowsky provided testimony that Mr. Rakowsky "must not have received the notices." J.A 17. Ms. Rakowsky did not provide any other evidence supporting her contention that the notices were not received. We agree with the administrative judge and the Board, therefore, that Ms. Rakowsky did not sustain her burden to show that the annuitant did not receive the annual notices. *See Schoemakers*, 180 F.3d at 1381 (holding that a wife's testimony that the notices may have been thrown out or misplaced by her husband and that she never received the notices did not establish that her husband, the annuitant, did not receive them).

In sum, the Board's conclusion that Mr. Rakowsky did not elect a survivor annuity benefit, timely or not, for Ms. Rakowsky is supported by substantial evidence. We have considered all other arguments Ms. Rakowsky presents and find them unpersuasive. Accordingly, we affirm the Board's decision.

**AFFIRMED**

Costs

The parties shall bear their own costs.