**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTONIO L. ABE,
              Appellant,

       v.

OFFICE OF PERSONNEL
  MANAGEMENT,
              Agency.

DOCKET NUMBER
SF-0831-16-0716-I-1

DATE: January 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Consuelo T. Abe</u>, Malabon City, Philippines, for the appellant.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his request to elect a survivor annuity under the Civil Service Retirement System (CSRS) for his current spouse. Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to reflect the correct statutory provision applicable to this case, we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant retired under the CSRS in April 1972. Initial Appeal File (IAF), Tab 1 at 5, Tab 8 at 28. At the time of his retirement, the appellant was married and elected a survivor annuity for his then-spouse. IAF, Tab 8 at 28. The appellant's then-spouse died in July 2008, and the appellant remarried in July 2009. *Id.* at 25-27. By letter dated June 6, 2015, the appellant informed OPM that his former spouse was deceased and he had remarried, and requested that "appropriate action be taken on matters immediately." *Id.* at 22. OPM construed the appellant's request as one to provide survivor annuity benefits for his current spouse and denied the request because the appellant did not notify OPM of an election of a reduced annuity with a survivor benefit within 2 years of the marriage. *Id.* at 20. The appellant requested reconsideration of OPM's decision, stating that he failed to request a survivor annuity for his current spouse within 2 years of their marriage because weather conditions initially prevented

him from mailing the request, and then he had forgotten to mail it, citing his age as the reason for his forgetfulness. *Id.* at 16, 19. On July 14, 2016, OPM issued a reconsideration decision affirming its initial decision. *Id.* at 8-9.

¶3 The appellant timely filed a Board appeal of OPM's reconsideration decision.[2] IAF, Tab 1. He did not request a hearing. *Id.* at 1. The administrative judge issued an Order Closing the Record finding that the Board has jurisdiction over the appeal, notifying the appellant of the requirements to prove his eligibility to elect a survivor annuity for his current spouse, and providing the parties with the opportunity to submit additional evidence and argument prior to the date on which the record was scheduled to close. IAF, Tab 9 at 1-4.

¶4 The administrative judge issued an initial decision affirming OPM's reconsideration decision, based on the written record. IAF, Tab 11, Initial Decision (ID). The administrative judge found that the appellant was required by statute to make a written request to elect a survivor annuity for his current spouse within 2 years of their marriage but that he did not submit a request until 2015 and that therefore, he did not timely elect a survivor annuity for his current spouse. ID at 3-4. The administrative judge further found that the appellant did not show a basis for waiving the deadline to elect a survivor annuity. ID at 4-7. Specifically, she found that the statute setting forth the filing deadline did not provide for a waiver of the deadline, that OPM did not misinform the appellant of the necessary steps to make the election, and that OPM complied with the statutory requirement to annually inform the appellant of his election rights. *Id.*

¶5 The appellant has timely filed a petition for review in which he requests leniency concerning his failure to timely elect a survivor annuity and argues that it is not in the interest of justice to deny his request because he is more than

---

[2] The appellant received OPM's July 14, 2016 reconsideration decision on July 31, 2016. IAF, Tab 1 at 3, Tab 8 at 7. He mailed his appeal, postmarked August 16, 2016, to OPM, which forwarded the appeal to the Board's Washington Regional Office. IAF, Tab 1 at 9, 11.

90 years old and sickly.[3]  Petition for Review (PFR) File, Tab 1 at 2.  OPM has filed a response opposing the petition for review.  PFR File, Tab 4.  For the reasons set forth below, we affirm the initial decision, as modified.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      An individual seeking retirement benefits bears the burden of proving his entitlement to those benefits by preponderant evidence.  *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii).  To meet this burden, the appellant must show that he elected to provide a survivor annuity for his current spouse in a signed writing received by OPM within 2 years after his remarriage.  5 U.S.C. § 8339(j)(5)(C)(i); *Kirk v. Office of Personnel Management*, 93 M.S.P.R. 547, ¶ 4 (2003).

¶7      Here, the administrative judge found that the appellant married his current spouse in July 2009 but did not write to OPM to elect a survivor annuity for her until June 6, 2015, nearly 6 years after the marriage.  ID at 3-4.  Thus, the administrative judge determined that the appellant had not timely elected a survivor annuity for his current spouse.  ID at 4.  The appellant has not disputed this finding, and we discern no reason to disturb the administrative judge's finding, as the record reflects that she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions.  *Id.*; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

---

[3] The appellant mailed his petition for review of the December 12, 2016 initial decision on January 4 or 6, 2017, to the Board's Western Regional Office.  PFR File, Tab 1 at 3-4.  The Western Regional Office forwarded the petition for review to the Office of the Clerk of the Board, which deemed the petition timely filed on January 6, 2017.  PFR File, Tab 1 at 1, Tab 2.

¶8    On review, the appellant requests a waiver of the filing deadline because of his advanced age and ill health.  PFR File, Tab 1 at 2.  As noted by the administrative judge, the Board has recognized three bases for waiving a filing deadline prescribed by statute or regulation:  (1) the statute or regulation may provide for a waiver under specified circumstances; (2) an agency's affirmative misconduct may preclude enforcing the deadline under the doctrine of equitable estoppel; and (3) an agency's failure to provide a notice of rights and the applicable filing deadline, where such notice is required by statute or regulation, may warrant waiver of the deadline.  *Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 7 (2010).  Although the administrative judge did not cite the correct statutory provision applicable to this case, 5 U.S.C. § 8339(j)(5)(C)(i), she correctly found that the statutory provision at issue does not permit waiver of the filing deadline.[4]  ID at 3-4; *see Shaughnessy v. Office of Personnel Management*, 43 M.S.P.R. 633, 637-38 (1990) (holding that, in the case of an annuitant who was married at the time of his retirement and later remarried, 5 U.S.C. § 8339(j)(1) did not provide a waiver of the time limit to make an election after remarriage on the basis that the annuitant was mentally incompetent); *cf. Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1381-82 (Fed. Cir. 1999) (holding that 5 U.S.C. § 8339(k)(2)(A) does not permit waiver of the filing deadline to elect a survivor annuity after marriage because of the annuitant's mental condition).

---

[4]  The administrative judge cited 5 U.S.C. § 8339(k)(2)(A), which pertains to an employee who was unmarried at the time of retirement, whereas 5 U.S.C. § 8339(j)(5)(C)(i) pertains to an employee who was married at the time of retirement. ID at 3.  The appellant in this case was married at the time of retirement.  *See* IAF, Tab 8 at 28.  Thus, we modify the initial decision to reflect that the statutory provision applicable to this case is 5 U.S.C. § 8339(j)(5)(C)(i).  However, sections 8339(k)(2)(A) and 8339(j)(5)(C)(i) provide nearly identical language regarding the requirement that electing a survivor annuity occur within 2 years after a post-retirement marriage; thus, the administrative judge's citing the incorrect statutory provision did not affect her correct analysis of the statutory language.  *Compare* 5 U.S.C. § 8339(j)(5)(C)(i), *with* 5 U.S.C. § 8339(k)(2)(A).

¶9        The appellant does not dispute the administrative judge's finding that the agency did not engage in affirmative misconduct that could preclude enforcing the filing deadline, nor do we discern any reason to disturb the administrative judge's findings on this point.  ID at 4-5; *see Clay*, 123 M.S.P.R. 245, ¶ 6.

¶10       The appellant also does not dispute the administrative judge's finding that OPM met its burden to show that it properly notified the appellant of the applicable filing deadline.  ID at 5-7.  OPM has a statutory obligation to notify annuitants annually of their survivor annuity election rights under 5 U.S.C. § 8339(j).  Act of July 10, 1978, Pub. L. No. 95-317, 92 Stat. 382 (1978) (codified at 5 U.S.C. § 8339 note); *Brush v. Office of Personnel Management*, 982 F.2d 1554, 1559-60 (Fed. Cir. 1992).  OPM has the burden of proving both that it sent the annual notice and the contents of the notice.  *Brush*, 982 F.2d at 1561; *Cartsounis v. Office of Personnel Management*, 91 M.S.P.R. 502, ¶ 5 (2002).  In determining whether the content of the agency's annual notices to an annuitant adequately informed him of his election rights, the Board will look to the notices sent immediately after the event that would result in the need to make a new election.  *Allen v. Office of Personnel Management*, 99 M.S.P.R. 653, ¶ 9 (2005).  If OPM establishes through credible evidence that it is more probable than not that it sent the annual notices, the appellant then must present credible testimony or other evidence supporting the contention that he did not receive the notices.  *Cartsounis*, 91 M.S.P.R. 502, ¶ 5.

¶11       Here, the OPM official responsible for printing and distributing retirement forms and notices provided an affidavit explaining that general notices regarding survivor elections were sent annually to all annuitants on OPM's master annuity roll from 1989 to 2010.  IAF, Tab 8 at 10-11.  Such notice satisfies OPM's burden of proving that it sent the required annual notice.  *See Schoemakers*, 180 F.3d at 1380-81 (holding that a similar affidavit from a person familiar with how annual notices are prepared and sent can satisfy OPM's burden to show that the annual notices were sent).  The record includes copies of the notices sent to the

appellant in December 2009 and December 2010, which contain a section titled "Survivor Election for a Spouse You Marry After Retirement" and provide the appellant with his right to elect a survivor annuity, including information regarding how to make an election, the time frame within which to do so, and the consequences of choosing a survivor annuity benefit.  IAF, Tab 8 at 12-15. Accordingly, we agree with the administrative judge's findings that OPM sent general notices in December 2009 and December 2010, within the 2-year period after the appellant's remarriage, and we find that the content of each notice adequately informed him of his right to elect a survivor annuity.[5]  ID at 5-7; *see Dorsey v. Office of Personnel Management*, 587 F.3d 1111, 1115 (Fed. Cir. 2009) (finding that OPM provided the annuitant adequate notice of his right to elect a survivor annuity where the notices provided information regarding how to make an election, the time frame within which he needed to do so, and the consequences of choosing a survivor annuity benefit).  Based on our review of the record, we also agree with the administrative judge that the appellant did not present evidence showing that he did not receive the annual notices.  ID at 6.  We thus find no basis on which to waive the statutory filing deadline.

¶12      Accordingly, we find that the administrative judge properly affirmed OPM's reconsideration decision that denied the appellant's request for a survivor annuity for his current spouse.

---

[5] The administrative judge only made findings regarding the adequacy of the content of OPM's notices with respect to the December 2010 notice.  ID at 6-7.  Our review of the record reflects that the notice to which the administrative judge referred was issued in December 2009, and the second notice that appears in the record was issued in December 2010.  IAF, Tab 8 at 12-15.  The notices could cause confusion as to the date on which they were sent to the appellant, as the first notice refers to a January 2010 payment, and the second notice refers to a January 2011 payment; however, these references appear in the context of notifying the annuitant of adjustments to his payment for the upcoming year.  *See id.*  We find that the content of each notice adequately informed the appellant of his right to elect a survivor annuity.  *See id.*

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____/s/ for_____

                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.